## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| METROMEDIA STEAKHOUSES | ) | |
| COMPANY, L.P., et al., | ) | Case No. 08-12490 (MFW) |
| | ) | |
| Debtors.[1] | ) | **Objection Deadline: December 12, 2008 at 4:00 p.m. ET** |
| | ) | **Hearing Date: December 19, 2008 at 9:30 a.m. ET** |
| | ) | |

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF METROMEDIA STEAKHOUSES COMPANY, L.P., ET AL. UNDER 11 U.S.C. § 1103(a) AND FED. R. BANKR. P. 2014, FOR ORDER AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT *NUNC PRO TUNC* TO NOVEMBER 6, 2008 OF BRACEWELL & GIULIANI LLP AS COUNSEL

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned chair, hereby submits this application (this "Application") for an Order pursuant to section 1103 (a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Committee to employ and retain Bracewell & Giuliani LLP ("Bracewell"), *nunc pro tunc* as of November 6, 2008, as counsel for the Committee in the Debtors' Cases. In support of this Application, the Committee relies on the affidavit of Samuel M. Stricklin attached hereto as Exhibit A (the "Stricklin Affidavit"). In further support of this Application, the Committee respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases are Metromedia Steakhouses Company, L.P., a limited partnership organized and existing under the laws of Delaware ("MSC"), JOST Restaurant Financing, Inc., a corporation organized and existing under the laws of Delaware ("JOST"), Puerto Rico Ponderosa, Inc., a corporation organized and existing under the laws of Delaware and PON Realty I, Inc. a corporation organized and existing under the laws of Delaware ("PR Ponderosa").

## BACKGROUND

1. On October 22, 2008 (the "Petition Date"), the Debtors filed their respective voluntary chapter 11 petitions in this Court for relief under title 11 of the Bankruptcy Code.

2. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' Cases.

3. On November 6, 2008, the United States Trustee for the District of Delaware (the "U.S. Trustee"), pursuant to section 1102(a) of the Bankruptcy Code, appointed the Committee to represent the interests of the Debtors' unsecured creditors.[2] Also on that date, the Committee elected Tracy Locke to serve as chair of the Committee and the Committee duly selected Bracewell to serve as lead counsel to the Committee to represent the Committee in all matters during the pendency of these Cases.

## JURISDICTION

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is 11 U.S.C. § 1103(a).

## RELIEF REQUESTED

5. Pursuant to this Application, the Committee seeks authority to employ and retain Bracewell as its counsel to perform the legal services that will be necessary during these Cases.

---

[2] The Committee members are Renzi Bros., Inc., William J. Doughty Maintenance, Telestar Direct, LLC d/b/a Telestar Media, Gountanis Enterprises, TLP, Inc., d/b/a Tracy Locke ("Tracy Locke"), Tom's General Repair Services, and MacDonald Media LLC.

## BASIS FOR RELIEF

6. Bracewell is particularly well-suited for the type of representation required by the Committee. Bracewell has more than 450 lawyers in seven offices throughout the United States, and in Dubai, Kazakhstan and London. Bracewell has both a national and international practice, and has experience in all aspects of the law that may arise in these Cases.

7. Bracewell has served as official creditors' committee counsel or debtor's counsel in a number of high-profile chapter 11 cases around the country. Bracewell attorneys represent many of the world's largest corporations and private equity funds, alternative investment managers, institutional investors, Wall Street proprietary and trading desks, banks and other financial services vehicles in out-of-court restructurings, in-court proceedings, distressed M&A transactions and market-leading bankruptcy litigation and appeals.

8. With the recent addition of a team of world-class restructuring attorneys in the New York and Connecticut offices to its premier restructuring group in Texas, Bracewell has increased its representation of chapter 11 committees of unsecured creditors, ad hoc committees of bondholders, first and second lien lender groups, private placement noteholder groups, and other investors throughout the United States and around the world. Bracewell has represented official and ad hoc creditors' committees, bank syndicates, debtors, DIP and exit lenders, asset purchasers and other constituencies in many of the largest restructurings and chapter 11 cases over the past 25 years, including: Adelphia, Asia Global Crossing, AT&T Canada, BMCA, Boston Chicken, Cajun Electric, Calpine, Comdisco, Conseco, Dow Corning, DURA Automotive, El Paso Refinery, Encompass Services, Enron, Entergy New Orleans, Exodus Communications, Global Telesystems, Harvard Industries, Hawaiian Airlines, Interstate Bakeries, Kaiser Aluminum, Liberty Electric, Loewen Group International, Multicanal, Nextel International, NRG Energy, among many others.

DMEAST #10159578 v1

9. Most notably, Bracewell attorneys have represented official creditors' committees in numerous chapter 11 restructurings, where the interests of diverse creditor constituencies needed to be reconciled and advocated effectively in order to maximize unsecured creditor recoveries. Sample chapter 11 creditors' committees represented by attorneys at Bracewell include: Anchor Glass, Asia Global Crossing, Boston Chicken, Gadzooks, Petroleum GeoServices, Git N Go, Loewen Group International, NRG Energy, Piccadilly Cafeterias, Pioneer Companies and Premier Holdings.

10. The Committee seeks to retain Bracewell as Committee counsel because of the firm's extensive bankruptcy experience and knowledge as described herein.

## SERVICES TO BE RENDERED

11. The Committee anticipates that Bracewell will render legal services to the Committee as needed throughout the course of these Cases. The professional services to be rendered to the Committee may include, but shall not be limited to, the following:

   a. providing legal advice with respect to the Committee's rights, powers, and duties in these Cases;

   b. the representation of the Committee at all hearings and other proceedings;

   c. advising and assisting in the Committee's discussions with the Debtors and other parties in interest, as well as professionals retained by any such parties, regarding the overall administration of these Cases;

   d. assisting the Committee in analyzing the claims of the Debtors' creditors and in negotiating with such creditors;

   e. assisting with the Committee's investigation of the assets, liabilities, and financial condition of the Debtors and of the operations of the Debtors' businesses;

   f. assisting the Committee in its analysis of, and negotiations with, the Debtors or any third party concerning matters related to, among other things, formulating the terms of a plan or plans of reorganization for the Debtors;

      g.      assisting and advising the Committee with respect to its communications with the general creditor body regarding matters in these Cases;

      h.      reviewing and analyzing all pleadings, orders, statements of operations, schedules, and other legal documents; the preparation on behalf of the Committee of all pleadings, orders, reports and other legal documents as may be necessary in furtherance of the Committee's interests and objectives; and

      i.      performing all other legal services for the Committee which may be necessary and proper for the Committee to discharge its duties in these Cases.

12.    The Committee will also be seeking the entry of an order, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, approving the employment and retention of Ballard Spahr Andrews & Ingersoll, LLP ("Ballard Spahr"), a Delaware firm, as local counsel and co-counsel to Bracewell in these Cases. Bracewell and Ballard Spahr have discussed a division of responsibilities with the Committee and the Committee has been assured that these two firms will endeavor to avoid and/or minimize any duplication of services, and will cooperate with each other in the most efficient manner possible. As such, the Committee believes that the retention of Bracewell and Ballard Spahr are in the best interests of the Committee, the Debtors, their estates and their creditors.

## BRACEWELL COMPENSATION

13.    Subject to Court approval, and in accordance with sections 330 and 331 of the Bankruptcy Code, Bracewell proposes to render its services on an hourly basis according to its customary hourly rates in effect when the services are rendered.[3] These rates may change from time to time in accordance with Bracewell's established billing practices and procedures. Bracewell will maintain detailed, contemporaneous records of time and any actual and necessary

---

[3] The hourly rates charged by Bracewell professionals differ based on, among other things, the professional's practice area and level of experience.

-5-
DMEAST #10159578 v1

expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered. The fee ranges for the Bracewell attorneys and paralegals that may be designated to represent the Committee and their current, standard hourly rates in calendar year 2008 are as follows:

| | | |
|---|---|---|
| a. | Partners | $625-$710 per hour |
| b. | Associates | $340-$525 per hour |
| c. | Paralegals | $110-$250 per hour |

14. Bracewell intends to apply for compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the local rules and order of the Court, and the United States Trustee guidelines.

15. Bracewell has informed the Committee that no agreement exists between Bracewell and any other person for the sharing of compensation to be received by Bracewell in connection with services rendered, or to be rendered, in these Cases.

## DISCLOSURE CONCERNING CONFLICTS OF INTEREST

16. To the best of the Committee's knowledge, information and belief, other than as may be disclosed in this Application and the Stricklin Affidavit, Bracewell has no connection with the Debtors, their creditors, the U.S. Trustee or any other party in interest in these Cases, or their respective attorneys or accountants.

17. To check and clear potential conflicts of interest in these Cases, Bracewell researched its client databases to determine whether it had any current relationships with the following entities (collectively, the "Interested Parties") and whose identities are set forth on Schedule 1 to the Stricklin Affidavit:

    a.    the Debtors and their non-debtor affiliates;

DMEAST #10159578 v1

  b.  the Debtor's 40 largest unsecured creditors;

  c.  parties to significant actual or known litigation with the Debtors; and

  d.  the Debtors' secured lender and lienholders.

The identities of any Interested Parties that Bracewell currently represents in matters unrelated to these Cases, and a brief description of the work being performed by Bracewell, are set forth on Schedule 1 to the Stricklin Affidavit.

  18.  Despite the efforts described above to identify and disclose Bracewell's connections with parties-in-interest in these Cases, because Bracewell operates an international law firm having collectively over 450 lawyers in eleven offices worldwide, and the Debtors are a multinational enterprise with numerous creditors and other relationships, Bracewell is unable to state with certainty that every client representation or other connection has been disclosed. In this regard, if Bracewell discovers additional information that requires disclosure, Bracewell will file a supplemental disclosure with the Court as promptly as possible.

  19.  To the best of the Committee's knowledge, information and belief, Bracewell is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and does not hold or represent any interest adverse to the Debtors' estates with respect to the matters for which Bracewell is to be employed, as required by section 328(c) of the Bankruptcy Code. Bracewell's employment is necessary and in the best interests of the Committee and the Debtors' estates.

## EMPLOYMENT AS OF THE COMMITTEE FORMATION DATE

  20.  Following its retention as counsel for the Committee, Bracewell has (i) reviewed the relief requested by the Debtors in their first day pleadings, advised the Committee with respect to such relief, commenced negotiations with the Debtors, and prepared objections with

respect to such pleadings, and (ii) provided the Committee with general advice regarding its role in the Debtors' reorganization.

21. The services of Bracewell on and following November 6, 2008 have materially benefited all unsecured creditors of the Debtors' estates, and served to protect their rights until Bracewell's formal retention pursuant to this Application. Accordingly, the Committee requests that Bracewell's retention be approved *nunc pro tunc* as of November 6, 2008.

## NOTICE

22. The Committee has provided notice of this Application to the U.S. Trustee, counsel to the Debtors, and all parties who have properly filed a notice of appearance in these Cases. The Committee respectfully submits that such dissemination constitutes adequate and proper notice of the Application.

## NO PRIOR REQUEST

23. No prior application for the relief requested herein has been made to this or any other Court.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, the Committee respectfully requests that the Court enter the order annexed hereto as Exhibit B approving the Committee's retention of Bracewell, *nunc pro tunc* as of November 6, 2008 and that the Court grant the Committee such other relief as it deems just and proper.

Dated: November 21, 2008

                                      Respectfully Submitted,

                                      THE OFFICIAL COMMITTEE OF GENERAL UNSECURED CREDITORS OF METROMEDIA STEAKHOUSES COMPANY, L.P., ET AL.

                                      By:    TLP, Inc., d/b/a Tracy Locke
                                      Title: Chairman

                                      By:    */s/ Stewart Campbell*
                                      Name: Stewart Campbell
                                      Title: Chairman