# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

**JOST Restaurant Financing, Inc.**
**Case Number:  08-12492 (MFW)**

## SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

**AMOUNTS SCHEDULED**

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 0 | $0 | | |
| B - PERSONAL PROPERTY | NO | 6 | Undetermined | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | NO | 2 | | $4,129,000 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 4 | | Undetermined | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | NO | 1 | | $0 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | NO | 1 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I -CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| **Total number of sheets of all Schedules** | | **15** | | | |

**Total Assets >**   Undetermined

**Total Liabilities >**   $4,129,000

11/21/2008

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF DELAWARE

**JOST Restaurant Financing, Inc.**

**Case Number:  08-12492 (MFW)**

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by Metromedia Steakhouses Company, L.P. ("MSC") and its affiliated debtors in these jointly administered chapter 11 cases (collectively, the "Debtors") in the United States Bankruptcy for the District of Delaware (the "Bankruptcy Court") have been prepared pursuant to the Federal Rules of Bankruptcy Procedure by AlixPartners, LLP for the Debtors and are unaudited.  Although AlixPartners, LLP has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may exist.  Because the Schedules and Statements contain unaudited information, which is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are complete.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.  These Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

### Limitations to Financial Information

Affiliated Computer Services, Inc. ("ACS") was the contracted vendor for managing all of the debtors' information technology services; ACS also owned the AS400 system which housed the debtors' main Lawson financial system.  On August 1, 2008, ACS shut down all information technology services.  As a result The Debtors and AlixPartners, LLP lost the financial reporting and general ledger system.  AlixPartners, LLP in preparing the Schedules relied on information previously obtained and manually generated lists of invoices and cash transactions.  This limitation makes it impossible to get certain up to date asset and liability information.

### Amendment

The Debtors reserve all rights to amend the Statement and Schedules, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claim reflected on the Statement and Schedules as to amount, liability or classification of the claim, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."  Furthermore, nothing contained in the Statement and Schedules shall constitute a waiver of rights by the Debtors involving any present or future causes of action, contested matters or other issues under the provisions of Chapter 11 of title 11 of the United States Code or other relevant non-bankruptcy laws.

Given the differences between the information to be submitted in the Statement and Schedules and the financial information utilized under Generally Accepted Accounting Principles, the aggregate asset values and claim amounts set forth in the Statement and Schedules may not reflect the values and amounts that would be set forth in a balance sheet for the Debtors prepared in accordance with Generally Accepted Accounting Principles.

### Basis of Presentation

The Debtors are a privately-held companies and filed these chapter 11 cases on October 22, 2008 (the "Petition Date").  For financial reporting purposes, the Debtors along with their subsidiaries, prepare consolidated financial statements.  Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where indicated otherwise.  In addition, not all of the direct and indirect subsidiaries are Debtors in these chapter 11 cases.  Accordingly, combining the assets and liabilities set forth in the Schedules and Statements of the Debtors would result in amounts that would be substantially different from financial information regarding MSC and its subsidiaries that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP").  Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements.

### Causes of Action

In their reasonable efforts to identify all known assets, the Debtors, may not have set forth all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets.  The Schedules and Statements shall not be deemed a waiver of any such claim, causes of action or avoidance action or in any way prejudice or impair the assertion of such claims.

### Claims Designations

Any failure to designate a claim on the Debtors' Schedules and Statements as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated."  The Debtors reserve the right to dispute any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent" or "unliquidated."

### Net Book Value of Assets

Unless otherwise indicated, the Debtors' assets are shown on the basis of their net book value as of September 29, 2008 and the liabilities are shown on the basis of their net book value as of the Petition Date.  As a result, amounts ultimately realized may vary from net book value and such variance may be material.  Exceptions to this include operating cash, which is presented at bank balances as of the Petition Date.  Certain other assets, such as investments in subsidiaries, are listed at undetermined amounts as the net book values may materially differ from fair market values.  Attempts to obtain current market valuations of assets would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets and, as a result, has not been attempted in connection with the preparation of the Schedules and Statements.

### Dates

The information provided herein, except as otherwise noted, represents the bank balances (Schedule B-2) of the Debtor as of October 21, 2008, asset data of the Debtor as of September 29, 2008 and liability data of the Debtor as of the Petition Date.

### Excluded Assets and Liabilities

# GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, such as goodwill, prepaid rent, deferred gift card discounts, accrued manual payables, closed stores reserves and other misc accruals. Other immaterial assets and liabilities may also have been excluded.

**Fiscal Year**

Each Debtors fiscal year ended on December 31, 2007 last year and December 25, 2006 the year before.

**Foreign Currency**

Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**Intercompany Transactions**

Prior to the Petition Date, the Debtors routinely engaged in intercompany transactions among the Debtors resulting in intercompany accounts payable and accounts receivable. The respective intercompany accounts payable and accounts receivable as of the Petition Date are listed at the net amount due to/due from the debtor as of the Petition Date on Schedule F for each Debtor.

**Schedule D – Creditors Holding Secured Claims**

Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercreditor agreement) related to such creditor's claim. In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D.

**Schedule E – Creditors Holding Unsecured Priority Claims**

Wages

As of the Petition Date, certain employees were owed (i) wages, salaries and compensation, (ii) employee medical, workers' compensation and similar benefits, and (iii) reimbursable employee expenses. Pursuant to the Order (A) Authorizing, But Not Requiring, Payment Of Certain Prepetition (I) Wages, Salaries And Other Compensation, (II) Employee Medical And Similar Benefits, (III) Reimbursable Employee Expenses, (IV) Former Employee Severance Obligations, And (V) Workers' Compensation Benefits; And (B) Authorizing And Directing Applicable Banks And Other Financial Institutions To Receive, Process, Honor And Pay All Checks Presented For Payment And To Honor All Funds Transfer Requests Made By The Debtors Relating To The Foregoing (Docket No. 28), the Debtors were authorized, among other things, to pay, and has paid, the priority wages. Thus, although the priority wages were outstanding as of the Petition Date, the outstanding amount per employee is not listed. The aggregate amount of accrued wages and PTO for all employees (but not on a per employee basis) is included in Schedule "E." Vacation and other PTO currently is being honored postpetition, but to the extent not so honored, employees may have a priority or non-priority claim for such vacation or other PTO, as the case may be. Some or all of the claims identified on Schedule "E" may not be entitled to priority in whole or in part, including, without limitation, because the claim amount exceeds the applicable priority cap, and the Debtors reserve the right to assert that claims identified on Schedule "E" are not entitled to priority in whole or in part.

Taxes

Schedule "E" contains the Debtors' best estimate of all of the potential priority claims against the Debtors' estates held by governmental and quasi-governmental entities. The Debtors have not determined whether, and to what extent, any of the creditors identified on Schedule "E" in fact are entitled to priority under Section 507 of the Bankruptcy Code. The Debtors reserve the right to assert that claims identified on Schedule "E" are not claims of governmental entities and/or that such claims are not entitled to priority.

**Schedule F – Creditors Holding Unsecured Nonpriority Claims**

Schedule F does not include certain deferred charges, deferred liabilities or general reserves. Such amounts, however, are reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date. The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date of incurrence of each claim, determination of each date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F. Schedule F contains information regarding pending litigation involving the Debtors. In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. However, to the extent that litigation involving a particular Debtor has been identified, such information is contained in the Schedule for that Debtor.

**Schedule G – Executory Contracts**

Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or overinclusion may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract or other agreement set forth in Schedule G that may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed therein. Also, Schedule G contains all of the Debtors contracts and agreements as of the Petition Date. It is possible that some of the contracts or agreements listed on Schedule G have expired or otherwise terminated pursuant to their terms since the Petition Date. The presence of a contract or agreement on Schedule G does not constitute an admission by the Debtors that such contract or agreement is an executory contract or unexpired lease.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF DELAWARE

**JOST Restaurant Financing, Inc.**

**Case Number: 08-12492 (MFW)**

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

In some cases, the same supplier or provider may appear multiple times in Schedule G. This multiple listing is to reflect distinct agreements between the applicable Debtor and such supplier or provider.

Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents are also not set forth in Schedule G.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. All rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including, without limitation, any intercreditor agreement) related to a creditor's claim are reserved. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Finally, certain of the executory agreements may not have been memorialized and could be subject to dispute.

**<u>Totals</u>**

All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the tables.

**JOST Restaurant Financing, Inc.**

**Case Number: 08-12492 (MFW)**

## SPECIFIC NOTES REGARDING SCHEDULE B

**1. General Notes Incorporated Herein.**

These specific notes are in addition to the General Notes Regarding the Debtor's Schedules.

**2. Net Book Values.**

As noted on Schedule "B," many of the assets listed are reflected at net book value. The Debtors do not represent that such assets or the other assets listed in Schedule "B" are properly valued at this time. Accounts receivable and royalty receivables in item 16 are listed at gross book value, and the Debtors do not represent that this is the actual value of these assets or represent future collections. The Debtors have not retained an appraiser to obtain market values for such assets or for the value of its intellectual property listed on item 22.

**JOST Restaurant Financing, Inc.**

**Case No. 08-12492 (MFW)**

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 1.  Cash on hand. | X | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | |
| 3.  Security deposits with public utilities, liquor licensing authorities, telephone companies, landlords, and others. | X | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | |
| 5.  Books; pictures and other art objects; antiques; stamps, coin, record, tape, compact disc, and other collections or collectibles. | X | | |
| 6.  Wearing apparel. | X | | |
| 7.  Furs and jewelry. | X | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | |
| 9.  Interests in insurance policies. Name insurance company of policy and itemize surrender or refund value of each. | X | | |
| 10.  Annuities.  Itemize and name each issuer. | X | | |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

**JOST Restaurant Financing, Inc.**
**Case No. 08-12492 (MFW)**

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories place an "X" in the appropriate position in the column labeled "None". If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plants. | X | | |
| 13. Stock and interests in incorporated and unincorporated business. Itemize. | | See Exhibit B-13 immediately following Schedule B | Undetermined |
| 14. Interests in partnerships or joint ventures. Itemize. | | See Exhibit B-14 immediately following Schedule B | Undetermined |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | |
| 16. Accounts receivable. | X | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | |
| 20. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

**JOST Restaurant Financing, Inc.**

**Case No.  08-12492 (MFW)**

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | |
| 22.  Patents, copyrights, and other intellectual property.  Give particulars. | X | | |
| 23.  Licenses, franchises, and other general intangibles.  Give particulars. | X | | |
| 24.  Customer Lists or other compilations of personal information. | X | | |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | X | | |
| 26.  Boats, motors, and accessories. | X | | |
| 27.  Aircraft and accessories. | X | | |
| 28.  Office equipment, furnishings, and supplies. | X | | |
| 29.  Machinery, fixtures, equipments, and supplies used in business. | X | | |
| 30.  Inventory | X | | |
| 31.  Animals | X | | |
| 32. Crops - growing or harvested. Give particulars | X | | |
| 33.  Farming equipment and implements. | X | | |
| 34.  Farm supplies, chemicals, and feed. | X | | |
| 35a.  Other personal property of any kind not already listed. | X | | |
| 35b.  Vendors with Debit Balances | X | | |

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

**JOST Restaurant Financing, Inc.**

**Case Number:  08-12492 (MFW)**

**Exhibit  B-13**
**Stock and interests in incorporated and unincorporated business.**

| Entity | Description | Percentage Ownership | Outstanding Shares | Amount |
|---|---|---|---|---|
| PON PROPERTIES I, INC. | | 100% | | Undetermined |
| PON REALTY I, INC. | | 100% | | Undetermined |
| PONDEROSA INTERNATIONAL DEVELOPMENT, INC. | | 100% | | Undetermined |
| PUERTO RICO PONDEROSA, INC. | | 100% | | Undetermined |
| BONANZA (CANADA) LIMITED | | 100% | | Undetermined |

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

**JOST Restaurant Financing, Inc.**
**Case Number:  08-12492 (MFW)**

**Exhibit  B-14**
**Interests in partnerships or joint ventures.**

| Entity | Country | Percentage Ownership |
|---|---|---|
| BONANZA RESTAURANT COMPAN | | 1% |
| PONDEROSA FRANCHISING COMPANY | | 1% |

**JOST Restaurant Financing, Inc.**

**Case Number:  08-12492 (MFW)**

## SPECIFIC NOTES REGARDING SCHEDULE D

**1.  General Notes Incorporated Herein.**

These specific notes are in addition to the General Notes Regarding the Debtor's Schedules.

**2.  Reservation of Rights.**

Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercreditor agreement) related to such creditor's claim. In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated herein, real property lessors, utility companies and other parties that may hold security deposits have not been listed on Schedule D. Certain of Debtors' agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financing agreements. No attempt has been made to identify such agreements for purposes of Schedule D; nevertheless, the Debtors reserve their rights to argue that any agreement listed in Schedule G should be treated as a secured financing agreement rather than executory contracts or unexpired leases.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF DELAWARE

**JOST Restaurant Financing, Inc.**

**Case Number: 08-12492 (MFW)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than on of these three columns.) Report the total of all claims listed on the schedules in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | C | U | D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY | NOTES |
|---|---|---|---|---|---|---|---|---|
| See Exhibit D-1 immediately following Schedule D | | SECURED DEBT | ☐ | ☐ | ☐ | $4,129,000 | Undetermined | |
| | | | ☐ | ☐ | ☐ | | | |
| | | | ☐ | ☐ | ☐ | | | |

<u>0</u>   continuation sheets attached    **Total**   **$4,129,000**    **$0**

**JOST Restaurant Financing, Inc.**

**Case Number: 08-12492 (MFW)**

**Exhibit D-1**

**SECURED DEBT**

| Name | Address | City, State & Zip | CoDebtors | Description | C | U | D | Claim Amount | Unsecured Portion, if any |
|------|---------|-------------------|-----------|-------------|---|---|---|--------------|---------------------------|
| METROMEDIA COMPANY | 21 MAIN STREET, SUITE 202 | HACKENSACK, NJ 07601 | YES | NEW NOTE WITH PARENT | ☐ | ☐ | ☐ | $4,129,000 | $0 |
| | | | | | | | | **$4,129,000** | **$0** |

**JOST Restaurant Financing, Inc.**

**Case Number:  08-12492 (MFW)**

## SPECIFIC NOTES REGARDING SCHEDULE E

### 1.  General Notes Incorporated Herein.

These specific notes are in addition to the General Notes Regarding the Debtor's Schedules.

### 2.  Wages.

As of the Petition Date, certain employees were owed (i) wages, salaries and compensation, (ii) employee medical, workers' compensation and similar benefits, and (iii) reimbursable employee expenses. Pursuant to the Order (A) Authorizing, But Not Requiring, Payment Of Certain Prepetition (I) Wages, Salaries And Other Compensation, (II) Employee Medical And Similar Benefits, (III) Reimbursable Employee Expenses, (IV) Former Employee Severance Obligations, And (V) Workers' Compensation Benefits; And (B) Authorizing And Directing Applicable Banks And Other Financial Institutions To Receive, Process, Honor And Pay All Checks Presented For Payment And To Honor All Funds Transfer Requests Made By The Debtors Relating To The Foregoing (Docket No. 28), the Debtors were authorized, among other things, to pay, and has paid, the priority wages.  Thus, although the priority wages were outstanding as of the Petition Date, the outstanding amount per employee is not listed.  The aggregate amount of accrued wages and PTO for all employees (but not on a per employee basis) is included in Schedule "E."  Vacation and other PTO currently is being honored postpetition, but to the extent not so honored, employees may have a priority or non-priority claim for such vacation or other PTO, as the case may be.  Some or all of the claims identified on Schedule "E" may not be entitled to priority in whole or in part, including, without limitation, because the claim amount exceeds the applicable priority cap, and the Debtors reserve the right to assert that claims identified on Schedule "E" are not entitled to priority in whole or in part.

### 3.  Taxes.

Schedule "E" contains the Debtors' best estimate of all of the potential priority claims against the Debtors' estates held by governmental and quasi-governmental entities.  The Debtors have not determined whether, and to what extent, any of the creditors identified on Schedule "E" in fact are entitled to priority under Section 507 of the Bankruptcy Code.  The Debtors reserve the right to assert that claims identified on Schedule "E" are not claims of governmental entities and/or that such claims are not entitled to priority.

**JOST Restaurant Financing, Inc.**

**Case Number: 08-12492 (MFW)**

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, or wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☐   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)**

☐   Extensions of credit in an involuntary case

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. Section 507(a)(2).

☐   Wages, salaries, and commissions

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, which ever occurred first, to the extent provided in 11 U.S.C. Section 507(a)(3).

☐   Contribution to employee benefit plans

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. Section 507(a)(4).

☐   Certain farmers and fisherman

Claims of certain farmers and fisherman, up to $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. Section 507(a)(5).

☐   Deposits by individuals

Claims of individuals up to $1,950* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. Section 507(a)(6).

☐   Alimony, Maintenance, or Support

Claims of a spouse, former spouse, or child of the debtor for alimony,  maintenance, or support, to the extent provided in 11 U.S.C. Section 507(a)(7).

☐   Taxes and Certain Other Debts Owed to Government Units

Taxes, customs duties, and penalties owing to federal, state, and local government units as set forth in 11 U.S.C. Section 507(a)(8).

☐   Commitments to Maintain the capital of an Insured Depository Institution

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. Section 507(a)(9).

<u>1</u>   continuation sheets attached

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

**JOST Restaurant Financing, Inc.**

**Case Number:  08-12492 (MFW)**

### SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C U D | AMOUNT OF CLAIMS |
|---|---|---|---|---|
| See Exhibit E-1 immediately following Schedule E | | Priority Claims - All Tax Liabilities | ☑ ☑ ☐ | Undetermined |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |

<u>1</u>    total continuation sheets attached

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

**JOST Restaurant Financing, Inc.**
**Case Number:  08-12492 (MFW)**

**Exhibit  E-1**
**Priority Claims - All Tax Liabilities**

| ID | Taxing Authority | Address | City, State, Zip | C | U | D | Total Claim |
|----|-----------------|---------|------------------|---|---|---|-------------|
| E2-30534 | INTERNAL REVENUE SERVICE | DEPARTMENT OF THE TREASURY | OGDEN, UT 84201 | ☑ | ☑ | ☐ | Undetermined |
| | | | | | | | **Undetermined** |

11/21/2008

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

**JOST Restaurant Financing, Inc.**

**Case Number:  08-12492 (MFW)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the filing of the petition.  Do not include claims listed in Schedule D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

 If any entity other than a spouse in a joint case may be liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

 If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on the schedules in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

☑  Check this box if debtor has no unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C U D | TOTAL AMOUNT OF CLAIMS |
|---|---|---|---|---|
| | | | ☐☐☐ | |
| | | | ☐☐☐ | |
| | | | ☐☐☐ | |
| | | | ☐☐☐ | |
| | | | ☐☐☐ | |
| | | | ☐☐☐ | |
| | | | ☐☐☐ | |
| | | | ☐☐☐ | |
| | | | ☐☐☐ | |
| | | | ☐☐☐ | |
| | | | ☐☐☐ | |

<u>0</u>    total continuation sheets attached          **Total**                      **$0**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

**JOST Restaurant Financing, Inc.**
**Case Number: 08-12492 (MFW)**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.d., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all parties to each lease or contract described.

 NOTE:  A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☑  Check this box if debtor has no executory contracts and/or unexpired leases to report on this Schedule G.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR | DESCRIPTION OF CONTRACT OR LEASE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

<u>0</u>    total continuation sheets attached

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

**JOST Restaurant Financing, Inc.**
**Case Number: 08-12492 (MFW)**

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than in a joint case, that is also liable on any debts listed by debtor in the schedule of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☐ Check this box if debtor has no codebtor

| NAME AND ADDRESS OF CODEBTOR | CREDITOR NAME AND ADDRESS | NOTES |
|---|---|---|
| BONANZA RESTAURANT COMPANY 3701 W. PLANO PARKWAY, SUITE 200 PLANO, TX 75075 | | |
| METROMEDIA STEAKHOUSES COMPANY, L.P. 3701 W. PLANO PARKWAY, SUITE 200 PLANO, TX 75075 | | |
| PON PROPERTIES I, INC. 3701 W. PLANO PARKWAY, SUITE 200 PLANO, TX 75075 | | |
| PON REALTY I, INC. 3701 W. PLANO PARKWAY, SUITE 200 PLANO, TX 75075 | | |
| PONDEROSA FRANCHISING COMPANY 3701 W. PLANO PARKWAY, SUITE 200 PLANO, TX 75075 | | |
| PONDEROSA INTERNATIONAL DEVELOPMENT, INC. 3701 W. PLANO PARKWAY, SUITE 200 PLANO, TX 75075 | | |
| PUERTO RICO PONDEROSA, INC. 3701 W. PLANO PARKWAY, SUITE 200 PLANO, TX 75075 | | |

JOST Restaurant Financing, Inc.

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Senior Vice President, Secretary, Treasurer, Chief Financial Officer, and Director of JOST Restaurant Financing, Inc., authorized signatory of this debtor entity, declare under penalty of perjury that I have read the foregoing summary and schedules, and that they are true and correct to the best of my knowledge, information and belief.

Date: _____ **November 21, 2008** _____       Signature: _Tamara S. Jones_

Tamara Jones, Executive Vice President, Secretary, Treasurer, Chief Financial Officer, and Director

**Name and Title**

*Penalty for making a false statement: Fine of up to $500,000, or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 and 3571.*